

**EOD**
**09/07/2021**

# THE UNITED STATES BANKRUPTCY COURT
## IN THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-20049 |
| R. H. W. METALS | § | |
| | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |

### ORDER GRANTING BTH BANK, NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AGAINST ACCOUNTS RECEIVABLE AND INVENTORY

On this day the Court considered BTH Bank, National Association's Motion for Relief from the Automatic Stay Against Accounts Receivable and Inventory and Waiver of The 30-Day Hearing Requirement (the "Motion") in the present bankruptcy filed by R. H. W. Metals ("Debtor"). Diane Carter, in her capacity as Chapter 7 trustee (the "Trustee") filed a limited objection; Crossroads Steel Supply, LLC ("Crossroads") joined in the Trustee's objection; and Harrison CAD and Harrison County (collectively, "Texas Taxing Authorities") filed a response to the Motion. BTH Bank, National Association ("BTH"), the Trustee, Crossroads, and the Texas Taxing Authorities announced their acceptance of this form of this Order by their execution below. The Court, having reviewed the pleadings on file and considered the agreement of the responding parties, is of the opinion that the Motion should be granted as set forth in this Order and for good cause appearing:

IT IS ORDERED that the Motion is GRANTED and BTH is authorized to collect, liquidate, and dispose of the Collateral, as described in the Motion, and to pursue any additional

state law rights and remedies with respect to the Collateral in accordance with the terms of the governing loan documents and applicable state law.

IT IS FURTHER ORDERED that BTH shall email a report to the Trustee's attorney of record that provides a status and commercially reasonable accounting and details on the status of collection or disposition of the Collateral every sixty days beginning October 1, 2021, and ending upon BTH's completion of collection or disposition; the Trustee directing that no further reporting is required; or the close of this bankruptcy case. Without limiting the generality of the foregoing or applicable state law, the accounting for each disposition of inventory shall include: (i) the identity of the purchaser; (ii) purchase price and method of payment; and (iii) the application of proceeds of each disposition (*i.e.*, payment of commissions or other costs of disposition and paydowns of outstanding balance of BTH's claim).

IT IS FURTHER ORDERED that the Trustee is authorized to disburse any accounts receivable she has collected or collects in the future that constitutes the Collateral to BTH without further order of the Court.

IT IS FURTHER ORDERED that BTH shall tender to the bankruptcy estate proceeds of the Collateral that exceed the full amount of BTH's secured claim.

IT IS FUTHER ORDERED that the automatic stay of §362(a) is terminated to permit the Texas Tax Authorities to exercise all rights and remedies available under the Texas Property Tax Code, if any, for the collection of ad valorem taxes owed to it by the Debtor on the Collateral.

IT IS FURTHER ORDERED that in the event any of the Collateral that is subject to ad valorem tax liens is repossessed and/or sold by or on behalf of BTH, the Texas Tax Authorities' ad valorem tax liens incident to the Collateral shall maintain any priority liens and the Texas Tax

Authorities shall be paid from the first sales proceeds generated from the sale of the Collateral subject to such ad valorem tax liens upon receipt of the sale proceeds. The ad valorem tax liens shall attach to the sale proceeds in the same priority as such liens maintained against the subject property until such time as said taxes are paid.

IT IS FURTHER ORDERED that nothing in this order shall modify in any way the provisions of the Texas Business & Commerce Code. Any notices to be sent to the Texas Tax Authorities pursuant to the Texas Business & Commerce Code related to the Collateral, including, but not limited to, notice of the disposition of the collateral pursuant to Tex. Bus. & Comm. Codie §§9.611-9.613, shall be sufficient if transmitted to: Tara LeDay, McCreary, Veselka, Bragg, & Allen, P.C., P.O. Box 1269, Round Rock, Texas, 78680.

IT IS FURTHER ORDERED that the Court retains jurisdiction to interpret or enforce the terms of this Order, including jurisdiction over any determination of the reasonableness of expenses and costs sought to be charged against the proceeds of the Collateral.

IT IS FURTHER ORDERED that the fourteen (14)-day stay period otherwise imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall not impede the enforcement and implementation of this Order;

Signed on 09/07/2021

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE